UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANIS SHUMWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20-cv-7181 |
| v. ) | |
| ) | Judge Marvin E. Aspen |
| GURNEE PROPERTY MANAGEMENT, INC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Defendant Gurnee Property Management, Inc. ("Gurnee") moves to vacate a default judgment that we entered against it in February 2021. (*See* Defendant's Motion to Vacate Default Judgment as Void for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. Rule 60(b)(4) ("Mot. to Vacate") (Dkt. No. 13).)[1] For the reasons set forth below, we grant Gurnee's motion.

**BACKGROUND**

On December 4, 2020, Plaintiff Janis Shumway sued "Gurnee Property Management, Inc d/b/a Fairbridge Inn Express" for injunctive relief, attorney's fees, litigation expenses, and costs under the Americans with Disabilities Act ("ADA"). (Complaint ("Compl.") (Dkt. No. 1) at 1.) Shumway alleged that Gurnee owned a place of lodging known as Fairbridge Inn Express, which is located at 3740 Grand Avenue, Gurnee, Illinois. (*Id.* ¶ 3.) Shumway further alleged that Gurnee violated the ADA by failing to provide sufficient information about hotel features that are accessible to disabled individuals and failing to allow for the booking of rooms that are

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

accessible to disabled individuals on www.fairbridgeinnexpress.us and other travel reservation websites. (*Id.* ¶¶ 6–10.)

Shortly after Shumway filed the Complaint, the Clerk of the Court issued a summons addressed to:

> Gurnee Property Management, Inc
> d/b/a Fairbridge Inn Express
> c/o Priyanka Shah
> 3732 Grand Avenue
> Gurnee, IL 60031

(Dkt. No. 15-10 at 1.) The name and address identified in the summons were those of Gurnee's registered agent, Priyanka Shah. (Plaintiff's Response to Defendant's Motion to Vacate Default Judgment ("Response") (Dkt. No. 15) ¶¶ 4, 5; Dkt. No. 15-5.) Two days later, Shumway filed a completed return of service form with the Court. (Return of Service (Dkt. No. 5).) According to the form, a process server served "Gurnee Property Management, Inc. dba Fairbridge Inn Express, 3732 Grand Ave., Gurnee, IL Ramilaben Mody – Receptionist/Authorized to Accept" on December 8, 2020. (*Id.*) The parties' recent submissions, however, show that Gurnee did not do business as "Fairbridge Inn Express" in December 2020; a limited liability company named Shree Gopinathji Estates LLC did. (Dkt. No. 15-5; Dkt. No. 15-9 at 4–5.)

After Gurnee did not respond to the Complaint or otherwise appear in the case, Shumway filed a motion for default and mailed the motion to "Gurnee Property Management, Inc d/b/a Fairbridge Inn Express, c/o Priyanka Shah, 3732 Grand Avenue, Gurnee, IL 60031." (Dkt. No. 8; Response ¶ 6.) We granted Shumway's motion. (Dkt. No. 9.) Shumway then filed a motion for default judgment and mailed the motion via certified mail to the same address as before. (Dkt. No. 10; Response ¶ 7.) Delivery of this mail was refused. (Dkt. No. 15-7; Response ¶ 7.)

On February 2, 2021, we granted Shumway's motion for default judgment and entered default judgment against Gurnee Property Management, Inc. d/b/a Fairbridge Inn Express, thereby terminating the case. (Dkt. No. 11; Final Default Judgment (Dkt. No. 12).) In July 2021, Shumway mailed a copy of the judgment to the same address to which she mailed her motions for default and default judgment. (Dkt. No. 15-8; Response ¶ 9.) Delivery of this mail was also refused. (Response ¶ 9.)

Notwithstanding these mailings, Gurnee contends that it did not become aware of the default judgment entered against it until November 2021. (Mot. to Vacate ¶ 6.) Gurnee thereafter moved to vacate the default judgment under Federal Rule of Civil Procedure 60(b)(4).

## LEGAL STANDARD

A party may move for relief from a final judgment when the judgment is void. Fed. R. Civ. P. 60(b)(4). A court's judgment is void if the court lacked personal jurisdiction over the party against whom judgment was entered. *Philos Techs., Inc., v. Philos & D, Inc.*, 645 F.3d 851, 854–55 (7th Cir. 2011). A court does not have personal jurisdiction over a party that was not properly served with process. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987); *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010); *Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 807 n.3 (7th Cir. 2002). When a court renders a judgment against a party over which it does not have personal jurisdiction, the court must grant a motion to vacate brought under Rule 60(b)(4). *Philos Techs.*, 645 F.3d at 855.

## ANALYSIS

The issue before us is whether Shumway properly served Gurnee with process on December 8, 2020, when Shumway served a receptionist named Ramilaben Mody. (*See* Response ¶¶ 5, 13 (asserting that Gurnee was served on this date); Return of Service.) If so, we

3

had personal jurisdiction over Gurnee when we entered default judgment against it in February 2021. If not, we did not have personal jurisdiction, and the default judgment must be vacated.

Gurnee argues that it was not served with process because Shumway "served the wrong company." (Mot. to Vacate ¶ 2.) Shumway responds that she properly served Gurnee with process by serving its registered agent. (Response ¶¶ 5, 12.) "When a plaintiff sues in federal court, he may effectuate service pursuant to the Federal Rules of Civil Procedure or the law of the state in which the court sits." *Miles v. WTMX Radio Network*, No. 02 C 0427, 2002 WL 31369424, at *4 (N.D. Ill. Oct. 18, 2002). Gurnee is an Illinois corporation. (Dkt. No. 15-5 at 1.) Rule 4(h) allows a plaintiff to serve a corporation by delivering a copy of the summons and complaint to the corporation's registered agent. Fed. R. Civ. P. 4(h)(1)(B); *Blue Ocean Green Bay, LLC v. Sand Dollar Hosp. 3, LLC*, No. 20-C-825, 2021 WL 4991323, at *3 (E.D. Wis. Oct. 27, 2021); *St. Paul Fire & Marine Ins. Co. v. Kiper & Son Trucking, L.L.C.*, No. 06 C 2626, 2006 WL 3147701, at *2 (N.D. Ill. Nov. 2, 2006). Illinois law similarly allows a plaintiff to serve a corporation "by leaving a copy of the process with its registered agent." 735 Ill. Comp. Stat. 5/2-204. So, Shumway could serve Gurnee under either the Federal Rules or Illinois law by serving its registered agent.

The problem for Shumway is that the record does not show that she actually served Gurnee's registered agent. As Shumway's own exhibit shows, Priyanka Shah was Gurnee's only registered agent in December 2020. (Dkt. No. 15-5.) Yet Shumway did not serve Shah; she served Ramilaben Mody. (Return of Service.) Nothing suggests that Mody and Shah are the same person, or that Gurnee designated both Mody and Shah as registered agents. Therefore, Shumway did not serve Gurnee's registered agent.

4

Shumway may be contending that service was proper because she served an individual who was located at the *address* of Gurnee's registered agent. (*See, e.g.*, Response ¶¶ 5, 13 (asserting that Gurnee was served at the address of its registered agent); *see also id.* ¶ 14 (asserting that Gurnee received notice of a different lawsuit when it was served at the registered agent's address).) But a plaintiff seeking to serve a corporation's registered agent must deliver process to the registered agent, not just any person who may be present at the registered agent's address. Fed. R. Civ. P. 4(h)(1)(B) (requiring delivery of process "*to* an . . . agent authorized by appointment or by law to receive service of process" (emphasis added)); 735 Ill. Comp. Stat. 5/2-204 (requiring a copy of process to be left "*with* [the corporation's] registered agent" (emphasis added)). And there is no evidence that Shumway's process server delivered process *to* Gurnee's registered agent on December 8, 2020.

Shumway's other arguments in response to Gurnee's motion are equally unavailing. First, she argues that it was reasonable for her attorney to assume that Gurnee owns Fairbridge Inn Express because county tax records reflect that Gurnee was assessed taxes for the parcel of land on which Fairbridge Inn Express sits (3740 Grand Avenue in Gurnee, Illinois), and Shah—Gurnee's registered agent, president, and secretary—has an address on the same street as Fairbridge Inn Express. (Response ¶¶ 3, 4, 11, 12; Dkt. Nos. 15-2, 15-3.) The reasonableness of this assumption, though, is not at issue. At issue is whether the record shows that Shumway served Gurnee's registered agent on December 8, 2020, and it does not.

Second, Shumway argues that even if she named the wrong party in the summons, Gurnee was still required to respond to the Complaint. (Response ¶ 12.) But Shumway's argument erroneously presupposes that Gurnee's registered agent received the Complaint in the first place. As already discussed, the record does not support this presupposition.

5

Finally, Shumway disputes Gurnee's claim that it did not become aware of this lawsuit until November 2021 because she mailed copies of filings in this case to Gurnee's registered agent in January, February, and July 2021. (*Id.* ¶ 13.) Whether one or more of these mailings alerted Gurnee to this lawsuit, however, has no bearing on whether Shumway served Gurnee's registered agent on December 8, 2020.

Because the record does not support Shumway's assertion that she served Gurnee's registered agent, Priyanka Shah, with process on December 8, 2020, we conclude that Shumway had not properly served Gurnee at the time we entered default judgment against Gurnee. Accordingly, we must grant Gurnee's motion and vacate our default judgment against it.

## CONCLUSION

For the reasons set forth above, Gurnee's motion to vacate (Dkt. No. 13) is granted. We vacate the default judgment we entered against Gurnee on February 2, 2021 (Dkt. No. 12) and reopen the case. Shumway shall notify the Court by May 16, 2022, if she intends to proceed in this case against Gurnee or another defendant. A status hearing is set for May 26, 2022, at 10:30 a.m. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: April 25, 2022

6